## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

THOMAS NEWSOME,

      Plaintiff,

      v.                                    No. CIV 12-0733 MCA/GBW

THE GEO GROUP, INC.,
TIMOTHY B. HATCH,
TOWN OF CLAYTON,
GREGG MARCANTEL,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington*

*v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The allegations in Plaintiff's complaint cover the period from 2007 to 2012. During that time, it appears that Plaintiff has been incarcerated in five separate correctional facilities in New Mexico. He names as Defendants the current New Mexico Secretary of Corrections, a municipality, a warden, and the private corporate operator of the Northeastern New Mexico Detention Facility. The complaint contains five claims: one each under the First and Fifth Amendments and common law for denial of access to public records, one for actions taken in retaliation against Plaintiff for his constitutionally protected conduct, and one under the Ninth Amendment for violation of his right to monitor the workings of government. In brief summary, Plaintiff alleges that Defendants have denied his requests for information under the New Mexico Inspection of Public Records Act and have retaliated against him for pursuing his requests and for filing grievances. The complaint invokes the Court's federal-question and supplemental jurisdiction. Plaintiff seeks damages and injunctive relief.

On review of the complaint, the Court concludes that no relief is available on Plaintiff's .allegations against Defendants Marcantel or Town of Clayton. Plaintiff first alleges that his numerous requests for information under the New Mexico Inspection of Public Records Act have been denied. He expressly alleges that one of these requests was made to Defendant Hatch as custodian of the pertinent information. He also alleges that certain of his requests were denied by Defendant GEO, through counsel. His only allegation against Defendant Town Of Clayton is that the town owns NENMDF and "agreed to house New Mexico state prisoners in full compliance with . . . constitutional requirements." And he alleges only that Defendant Marcantel, as Secretary of Corrections, "is legally responsible for the overall operation" of New Mexico Prisons and failed to

respond to a letter from Plaintiff.

Plaintiff makes no allegation that either Marcantel or Town of Clayton participated in or directed the denials of his requests or the retaliatory actions taken against him. The complaint thus contains no allegations against these two Defendants affirmatively linking them to the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983 against Defendant Marcantel, Plaintiff must allege some personal involvement by this official in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* As to Plaintiff's claims against the town, he "would have to establish . . . that some official policy or custom was the moving force behind the [asserted constitutional] violation." *Stevenson v. Whetsel*, 52 F. App'x 444, 446 (10th Cir. 2002) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 820 (1984). He makes no such allegation.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Marcantel and Town of Clayton are DISMISSED, and Defendants Marcantel and Town of Clayton are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, for Defendants GEO Group, Inc., and Hatch.

Dated this 31st day of December, 2012.

_____
UNITED STATES DISTRICT JUDGE