IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS NEWSOME,

    Plaintiff,

v.                                                                No. CV 12-733 MCA/GBW

THE GEO GROUP, INC., et al.,

    Defendants.

## REPORT AND RECOMMENDATIONS

This matter comes before me on Defendants' Motion to Dismiss. *Doc. 23*. Having reviewed the accompanying briefing (*docs. 27, 30*) and relevant law, I recommend that the Court grant Defendants' Motion.

**I.**    **BACKGROUND**

Plaintiff, proceeding *pro se*, is currently incarcerated at the Southern New Mexico Correctional Facility in Las Cruces, New Mexico. From July 31, 2009 to March 15, 2013, Plaintiff, under the New Mexico Inspection of Public Records Act (IPRA), N.M. Stat. § 14-2-1 *et seq.* sent twelve discrete requests to various custodians of record, care of Department of Corrections and Geo Group, Inc. employees, for access to a variety of documents relating to the operation of different prison facilities. *Doc. 20* at 44, 48, 51,

53, 56, 64, 68, 71, 75, 77, 81.[1] Plaintiff was unsatisfied with the responses he received to these requests. *See, e.g., id.* at 50, 62, 66, 75, 92.

Plaintiff brings the instant action under 42 U.S.C. § 1983, alleging violations of his First, Fifth, Ninth, and Fourteenth Amendment, as well as his common law, rights to the information requested under IPRA, and for retaliation suffered as a consequence of his exercising said rights. *Id.* at 89-118, 133-37. He further alleges that Defendants' actions constitute "an administrative species of [a] 'strategic lawsuit against public participation . . . .'" *Id.* at 118. Finally, Plaintiff alleges that Defendants have deliberately destroyed evidence. *Id.* at 131.

## II. STANDARD OF REVIEW

Defendants move to dismiss Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1)[2] or (6),[3] contending that Plaintiff has failed to present a question of federal law over which this Court has jurisdiction. *Doc. 23.* In analyzing a motion under either Rule 12(b)(1) facial challenge or under 12(b)(6), the Court treats as true all assertions of fact proffered by the Plaintiff. *Smith v. United States*, 561 F.3d 1090, 1097-98 (10th Cir. 2009).

---

[1] Because his amended complaint is 140 pages long, Plaintiff filed it as a document with four exhibits. To avoid confusion, the Court uses the original page numbers at the bottom of the document when citing to it.

[2] A motion under Rule 12(b)(1) may either be "facial" or "factual." *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Because Defendants have not attempted to introduce any outside evidence in their briefing, I treat their motion as facial rather than factual. *See Holt*, 46 F.3d at 1003.

[3] Federal Rule of Civil Procedure 12(b)(1) provides for challenges to the court's subject-matter jurisdiction, while Rule 12(b)(6) provides for motions to dismiss the complaint for "failure to state a claim upon which relief can be granted."

2

"Subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). "The party asserting federal jurisdiction bears the burden of demonstrating that such jurisdiction exists. *Penteco Corp. Ltd. P'ship–1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

When evaluating the pleadings of a party proceeding *pro se*, a court must liberally construe them and should hold them to a less stringent standard than would be applied to the pleadings of a represented party. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (quotations and citations omitted).

### III. ANALYSIS

Plaintiff's first amended Complaint invokes federal question jurisdiction by asserting claims under 42 U.S.C. § 1983. *Doc. 20* at 2. Defendants contend that, as to Plaintiff's causes of action arising from violations of IPRA, this Court does not have subject matter jurisdiction because, although styled as federal constitutional violations, these claims arise under state law. *See generally doc. 23.* I agree that Plaintiff does not

3

have a constitutionally protected right to public records, nor a right to those records at the common law, and recommend that this Court grant Defendants' Motion to Dismiss these claims on these bases.  As to Plaintiff's First Amendment retaliation claim against Defendant Geo Group, Inc., Defendants contend either that Plaintiff's action is time-barred, his allegations of retaliation are insufficiently specific, or the claim fails because it asserts liability under an impermissible § 1983 respondeat superior theory.  I recommend that the Court hold that Plaintiff's retaliation claim against Defendant Geo Group, Inc. is time-barred.

### A.     Plaintiff Does Not Have a Constitutional Right to Public Records

In order to state a claim under § 1983, a claimant must show (1) deprivation of a right secured by the federal constitution or federal laws; and, (2) that the deprivation was caused by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Whether pled under the First, Fifth, Ninth, or Fourteenth Amendment, the survival of the majority of Plaintiff's causes of action hinge on the assertion that he has a constitutional right to the public records he requested under IPRA, and that by failing to comply with those requests, Defendants, acting under color of state law, violated his constitutional rights.  *See doc. 20* at 133-37.

The Supreme Court recently opined on this issue in *McBurney v. Young*, 133 S. Ct. 1709 (2013).  There, non-residents of Virginia sought to avail themselves of Virginia's analog to IPRA, its state Freedom of Information Act (VA FOIA).  *Id.* at 1713.  Virginia

refused their requests on the basis that they were not Virginia citizens, and the non-residents challenged the legality of Virginia's actions in a § 1983 suit, alleging, *inter alia*, that their inability to access public records under VA FOIA violated the Privileges and Immunities Clause of the United States Constitution. *Id.* at 1714. In finding that the VA FOIA did not violate the Privileges and Immunities Clause, Justice Alito, writing for a unanimous Court, explained:

> This Court has repeatedly made clear that **there is no constitutional right to obtain all the information provided by FOIA laws**. It certainly cannot be said that such a broad right has at all times, been enjoyed by the citizens of the several states which compose this Union, from the time of their becoming free, independent, and sovereign. No such right was recognized at common law. . . . Nineteenth-century American cases . . . certainly do not support the proposition that a broad-based right to access public information was widely recognized in the early Republic. Nor is such a sweeping right basic to the maintenance or well-being of the Union.

*Id.* at 1718-19 (internal quotations and citations omitted) (emphasis added).

While of older vintage, the Supreme Court's reasoning in *Houchins v. KQED, Inc.*, 438 U.S. 1 (1978), is also instructive. There, KQED, a radio and television broadcasting station, requested permission to inspect a prison facility after reporting on a prisoner suicide. *Id.* at 3. When permission was refused, KQED sued under § 1983, alleging that the prison violated the First Amendment by failing to allow the media access to essential public information about prison conditions. *Id.* at 4. The Court disagreed, stating that it "ha[d] never intimated a First Amendment guarantee of a right of access to all sources of information

5

within government control." *Id*. at 9. "Neither the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control." *Id.* at 15.[4]

So, although IPRA arguably does provide Plaintiff with a state law right to access public records as set forth in that statute, it does not codify and cannot be the source of a federal constitutional right to access that information. Therefore, Defendants' alleged failure to comply with IPRA cannot violate Plaintiff's federally guaranteed rights. Since a § 1983 action may only be maintained where there is a violation of federal law, Plaintiff's § 1983 action premised on violations of IPRA fail. *Lewis ex rel. Lewis v. Stevenson*, 123 F. App'x 885, 887 (10th Cir. 2005) (affirming the lower court's dismissal of a § 1983 action premised on state law claims for lack of subject matter jurisdiction).

**B.     Plaintiff Does Not Have a Right at Common Law to New Mexico Public Records**

Plaintiff also asserts his right under the common law to "inspect . . . designated, non-exempt public records." *Doc. 20* at 137. But where a statutory regime occupies the field of the asserted common law right, it supersedes that right. *United States v. Gonzales*, 150 F.3d 1246, 1262-63 (10th Cir. 1998). New Mexico's Inspection of Public Records Act creates a comprehensive statutory regime for the inspection of state public

---

[4] There is a limited First Amendment right to certain criminal records when the Sixth Amendment right to a fair and public trial is implicated. *Lanphere & Urbaniak v. State of Colo.*, 21 F.3d 1508, 1512 (10th Cir. 1994). "Under this precedent, however, a First Amendment right of access inheres only in limited situations where a tradition of accessibility implies the favorable judgment of experience[ ] and where public access plays a significant positive role in the functioning of the particular process in question." *Id*. (citation and quotation omitted). No such Sixth Amendment concern is implicated here.

records.  N.M. Stat. § 14-2-1(A) ("Every person has a right to inspect public records of this state except" those that are exempted herein.).  *See Republican Party of N.M. v. N.M. Taxation & Revenue Dep't*, 283 P.3d 853, 859 (N.M. 2012).  It therefore supersedes any prior existing common law right to such records.  Since Plaintiff specifically seeks access to "non-exempt public records", his request necessarily falls within the scope of IPRA.  Plaintiff's common law claim should be dismissed.

  **C.**  **Plaintiff's Retaliation Claim Against Defendant Geo Group, Inc. Is Time-Barred**

Plaintiff alleges that Defendants Geo Group Inc., Chavez, Rogers, Bradley, Fralick, and Bravo each retaliated against him in violation of the First Amendment because he made IPRA requests. *Doc. 20* at 5-7, 135.  Because Defendants only challenge Plaintiff's claims as to Defendant Geo Group (*doc. 23* at 8-9), I will only address Plaintiff's allegation of retaliation against that Defendant.  Plaintiff claims that Defendant Geo Group's employee fired him from his job at the Lea County Correctional Facility on November 16, 2007, in retaliation for his November 7, 2007 IPRA request. *Doc. 20* at 93-94.  Defendants argue that this claim is barred by the statute of limitations on § 1983 actions because the alleged injury occurred in 2007.  *Doc. 23* at 9.  I agree.  The applicable statute of limitations for a § 1983 claim is drawn from the personal-injury statute of the state in which the federal district court sits.  *Wilson v. Garcia*, 471 U.S. 261, 269 (1985).  In New Mexico, the personal-injury statute of limitations is three years. *Lymon v. Aramark Corp.*, 728 F. Supp. 2d. 1207, 1218 (D.N.M. 2010) (citing *Mondragon v.*

*Thom*pson, 519 F.3d 1078, 1082 (10th Cir. 2008)); N.M. Stat. § 37-1-8 (1978).  There is nothing in Plaintiff's Complaint or response to suggest that Plaintiff's action did not accrue in 2007, nor that it was somehow tolled.  In the absence of either delayed accrual or some kind of tolling, Plaintiff's § 1983 action regarding retaliation by Defendant Geo Group is time-barred and should be dismissed.  Because I find that this cause of action is time-barred, I decline to consider Defendants' other arguments on retaliation pertaining to Defendant Geo Group.

### IV. CONCLUSION

For the reasons discussed above, I recommend that this Court dismiss Plaintiff's First, Fifth, Ninth, and Fourteenth Amendment claims for violations of IPRA against all Defendants on the basis that Plaintiff has no constitutional right to public documents.  The Court should also dismiss Plaintiff's common law claim on the basis that IPRA's existence precludes any common law right to New Mexico public documents.  I further recommend that this Court dismiss Plaintiff's retaliation claim against Defendant Geo Group, Inc. as time-barred.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**