IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS NEWSOME,

    Plaintiff,

v.                                              No. CV 12-733 MCA/GBW

THE GEO GROUP, INC., et al.,

    Defendants.

## REPORT AND RECOMMENDATIONS

This matter comes before me on Plaintiff's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). *Doc. 54.* Having reviewed the Motion and the accompanying briefing *(docs. 55, 56)*, I recommend that the Court deny Plaintiff's Motion.

**I.**     **BACKGROUND**

The facts of this case are set forth in my original Report and Recommendations, filed August 6, 2013. *Doc. 43.* As such, I will only briefly restate the relevant details of the instant action here. Plaintiff, proceeding under 42 U.S.C. § 1983, alleges that his First, Fifth, Ninth, and Fourteenth Amendment, as well as his common law, rights were violated by the Defendants' failure to comply with his many requests under the New Mexico Inspection of Public Records Act, NMSA 1978 § 14-2-1 *et seq.* (IPRA). *Doc. 20.* He also alleges that he was retaliated against for making the IPRA requests, and that

Defendants' actions constitute "an administrative species of [a] 'strategic lawsuit against public participation . . . .'" *Id.* Finally, Plaintiff alleges that Defendants have deliberately destroyed evidence. *Id.*

Plaintiff now seeks judgment on the pleadings under Federal Rule of Civil Procedure 12(c) as against all of the Defendants. Because Defendants Geo Group Inc. and Timothy Hatch were dismissed from this matter on September 24, 2013 (*doc. 52*), I will treat this Motion as proceeding against the remaining Defendants only. Briefing was complete on December 19, 2013.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that: "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A "[j]udgment on the pleadings should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.' " *Park Univ. Enterprises, Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006) (citation omitted). "Any party may move for judgment on the pleadings if no material facts are in dispute and the dispute can be resolved on both the pleadings and any facts of which the Court can take judicial notice." *Ramirez v. Wal–Mart Stores, Inc.*, 192 F.R.D. 303, 304 (D.N.M. 2000). In evaluating a Rule 12(c) motion, a court must "accept all facts pleaded by the non-

moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Park*, 442 F.3d at 1244.

### III.   ANALYSIS

Plaintiff's motion consists of a single page, titled as a motion for judgment on the pleadings, citing to Federal Rules of Civil Procedure 10(c) and 12(c) and listing several documents from the docket, namely his Amended Complaint and accompanying errata (*docs. 19, 20, 22*), his response to Defendants' Motion to Dismiss (*doc. 27*), Patrick Allen's Notice of Appearance (*doc. 41*) and his Motion to Hold Objections in Abeyance (*doc. 47*). *Doc. 54.* He provides no other argument or description for his motion.  His reply brief provides little further clarification, instead citing to specific paragraphs in his Complaint regarding each of the named Defendants.  *Doc. 56.*  He also makes cryptic references to "waiver of personal jurisdiction," "judicial notice," "sworn facts," and states that "mere arguments and statements of defense counsel are not evidence."  *Id.*

In light of Plaintiff's extremely sparse briefing, I must recommend that his motion be denied.  While the Court must construe Petitioner's pleading broadly because he proceeds *pro se*, it cannot assume the role of advocate and generate legal theories or facts that Plaintiff has not himself presented.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  *Id.* (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).  Here, not only does Plaintiff fail to present

3

meaningful argument, but the nature of his motion requires that the court draw all reasonable inferences *against* him. *Park*, 442 F.3d at 1244. His motion falls far below the standard of showing he is entitled to judgment on the pleadings under Federal Rule 12(c).

IV. CONCLUSION

For the reasons discussed above, I recommend that this Court DENY Plaintiff's Motion for Judgment on the Pleadings. *Doc. 54.*

_____
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**