IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS NEWSOME,

    Plaintiff,

v.                                                          No. CV 12-733 MCA/GBW

THE GEO GROUP, INC., et al.,

    Defendants.

### ORDER OVERRULING OBJECTIONS

This matter comes before me on Plaintiff's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition (PFRD) in reference to Plaintiff's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). *Docs. 57, 58*. In his PFRD, the Magistrate Judge recommended denying Plaintiff's Motion on the basis that Plaintiff had failed to set forth argument showing that his Motion should be granted. *Doc. 57* at 3-4. I agree and therefore overrule Plaintiff's Objections and adopt the Magistrate Judge's PFRD.

I.    STANDARD OF REVIEW

After a party objects to the magistrate judge's proposed findings and recommendations, the Court "shall make a de novo determination of those portions . . . to which objection is made." 28 U.S.C. § 636(b). Objections must be made with specificity; general or conclusory objections are insufficient. *See United States v. 2121 E.*

*30th St.*, 73 F.3d 1057, 1060-61 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

## II. PLAINTIFF'S OBJECTIONS

Plaintiff objects to the PFRD on the basis that "the United States Magistrate Judge. . .did not report the (a) sworn, (b) uncontroverted, (c) record facts, (d) accurately, or (e) in full." *Doc. 58* at 1-2. Plaintiff apparently contends that his assertions in his Complaint should be taken as fact and judgment on the pleadings therefore entered. He also complains that the Magistrate Judge "gagged him" by granting him 6, rather than 26, extra pages of briefing. *Doc. 58* at 4, *doc. 26* at 1. Finally, he contends that the Court erred by not treating his responsive briefing to Defendants' Motion to dismiss as briefing for his Rule 12(c) Motion. *Doc. 58* at 5.

## III. ANALYSIS

Where the pleadings are closed, a party may move under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings. FED. R. CIV. P. 12(c); *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Here, because Defendants answered on October 7, 2014, and Plaintiff's motion was filed on November 22, 2013, Plaintiff's motion was properly brought.

Judgment on the pleadings under Rule 12(c) is disfavored by courts. *In re Dept. of Energy Stripper Well Exemption Lit.*, 752 F. Supp. 1534, 1536 D.Kan. 1990). A Rule 12(c)

2

motion should be granted only if there are no material issues of fact to be decided and the moving party is entitled to judgment as a matter of law. S*ee Boyd v. Doskocil Sausage Co.*, 686 F.Supp. 875, 876 (D. Kan. 1988).

In order for the Court to address Plaintiff's motion, the case must be in a posture where a judgment on the merits can be reached by the Court on the basis of the pleadings alone, and those pleadings must be construed in a light most favorable to the non-moving party. *Boyd*, 686 F.Supp. at 876. In this case, Defendants are the non-moving party. The issue in this case is whether Defendants is entitled to offer evidence to support its denial of liability and the affirmative defenses asserted in this case. In order to grant the pending motion, the Court must find that Defendants would be unable to prevail under any set of facts or any possible theory that could be proven consistent with its denials in the Answer and the affirmative defenses (including qualified immunity and failure to exhaust administrative remedies, *see doc. 53* at 49-50) therein. Plaintiff's Motion and subsequent Objections fail to meet this burden, even considering Plaintiff's arguments contained in his response to Defendants' Motion to Dismiss. Nor can the Court find that Plaintiff did not have adequate opportunity to do so with the Magistrate Judge's generous grant of 30 pages of briefing. Therefore, the Court cannot find the Motion well taken.

**IV.     CONCLUSION**

The Court, having considered Plaintiff's Objections (*doc. 58*), finds they are meritless.  The Court therefore OVERRULES Plaintiff's Objections and ADOPTS the Magistrate Judge's PFRD.  Plaintiff's Motion for Judgment on the Pleadings (*doc. 54*) is DENIED.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE