# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

THOMAS NEWSOME,

     Plaintiff,

v.                                        No. CV 12-733 MCA/GBW

THE GEO GROUP, INC., et al.,

     Defendants.

## ORDER OVERRULING OBJECTIONS TO ORDER FOR *MARTINEZ* REPORT

This *pro se* prisoner civil rights matter comes before the Court on Plaintiff's Objections to the Court's Order for *Martinez* Report.  *Doc. 65*.  On April 15, 2013, Plaintiff filed an amended complaint with this Court under 42 U.S.C. § 1983.  *Doc. 20*. After a Motion to Dismiss by Defendants that resulted in the dismissal of the majority of Plaintiff's claims, only Plaintiff's First Amendment retaliation claims against individual Defendants Chavez, Rogers, Bradley, Fralick, and Bravo remain.  *Doc. 52* at 3.  On May 20, 2014, this Court ordered that Defendants file a *Martinez* report, requiring them "to investigate the incident or incidents underlying Plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or legal basis for determining whether Plaintiff has a meritorious claim."  *Doc. 63* (citing *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987)).   Plaintiff objects to that order.  *Doc. 65*.

I.     **Plaintiff's Objections**

Plaintiff objects to the Court's Order for *Martinez* Report on the following grounds:
(1) "[a]d hoc 'screening' has been superseded by the Prison Litigation Reform Act" (*doc.
65* at 1); (2) the Court misconstrued Plaintiff's testimony (*id.* at 4-5); and (3) the Court
"arbitrarily and capriciously wants to 'seal' the records of defendants [sic] impartial
'investigation'" (*id.* at 7) (emphasis in original).

A. **PLRA's added procedures in no way affected the practice of ordering *Martinez*
reports.**

Under *Martinez v. Aaron*, 570 F.2d 317, 320 (10th Cir. 1978), courts may order prison
officials to investigate the incident or incidents underlying a prisoner plaintiff's lawsuit
and submit a report of their investigation in order to develop a factual or legal basis for
determining whether a meritorious claim exists.  *See, e.g., Gee v. Estes*, 829 F.2d 1005,
1007 (10th Cir. 1987).  Plaintiff asserts that 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A, and
42 U.S.C. § 1997e as well as the Federal Rules of Civil Procedure preclude this Court
from ordering a *Martinez* report in this case. Plaintiff's argument is unavailing.

To begin, the text of the three statutory provisions that Plaintiff cites in no way
affected the ability of courts to order *Martinez* reports. Under 28 U.S.C. § 1915(e)(2),
courts may dismiss a claim where, as here (*doc. 4*), the plaintiff is proceeding in forma
pauperis "if the court determines that –(A) the allegation of poverty is untrue; or (B) the
action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief

may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

Under 28 U.S.C. § 1915A, courts are to "screen" prisoner complaints against government entities and employees, irrespective of in forma pauperis status, and dismiss any portion of the complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  42 U.S.C. § 1915A(a)-(b).

Lastly, under 42 U.S.C. § 1997e(c)(1), courts may "dismiss any action brought with respect to prison conditions under section 1983 of this title . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."  42 U.S.C. § 1997e(c)(1).

Plaintiff avers "the [United States Magistrate Judge] may not interfere with normal litigation processes established by statute law and the Federal Rules of Civil Procedure to 'screen' cases by substituting untimely, improvised methods to fit the chancellor's foot."  *Doc. 65* at 2.  The texts of these provisions, however, do nothing to detract from established prisoner litigation procedures, such as issuing *Martinez* reports.  Although, as Plaintiff points out, *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) was decided "[f]ully eighteen (18) years <u>before</u> the PLRA of 1996," (*doc. 65* at 2 n.3), *Martinez* reports have been and continue to be used post-PLRA.  *See, e.g., Simkins v. Bruce*, 406 F.3d 1239,

1240 n.2 (10th Cir. 2005) ("A *Martinez* report is a judicially authorized investigative report prepared by prison officials to help the court determine if a pro se prisoner's allegations have any factual or legal basis.") (internal quotations and citations omitted). Moreover, that courts have issued such orders for the last 36 years belies Plaintiff's assertion that this Court's doing so is an improvisation "to fit the chancellor's foot."

Additionally, PLRA's purpose was not, as Plaintiff claims, to supplant existing prisoner litigation procedures. Rather, the purpose of PLRA was "to make it more difficult for prisoners to take their complaints to federal court." Rights of Prisoners 567 (4th ed. 2009) (quoting John Boston, *The Prison Reform Litigation Act*, 31 Columbia Human Rights Law Review 339 (2000) (Chapter 15 in the Jailhouse Lawyer's Manual)). Congress achieved this by adding some of the very "screenings" that Plaintiff now both bemoans and cites to support his assertion that PLRA made *Martinez* reports an impermissible interference with prisoner litigation. *See* PL 104–134, April 26, 1996, 110 Stat 1321. In other words, while PLRA *added* procedures in prisoner litigation, it did not *detract* from existing ones.

Regarding the Federal Rules of Civil Procedure, Plaintiff does not point to, and this Court is unaware of, any rule that precludes the Court from ordering a *Martinez* report. In lieu of a *Martinez* report, Plaintiff apparently would have the Court simply accept as the gospel truth Plaintiff's "uncontroverted, <u>sworn</u> facts," and provide him the relief he seeks. *Id.* at 3 (emphasis in original); *see also id.* at 4 ("Now, almost sixteen (16) months

after the Amended Complaint (Doc. 20), there emerges puzzlement over the 'factual
and legal bases' of plaintiff's claims. The fault is recorded in the black-and-white record
cited here.").   Plaintiff should by now be well aware that the Court will not simply
afford relief on the basis of conclusory allegations.  *See doc. 59* (denying Plaintiff's
Motion for Judgment on the Pleadings).  Indeed, the very purpose of *Martinez* reports is
"to ascertain whether there is a factual as well as a legal basis for the prisoner's claims"
by "allow[ing] the court to dig beneath [] conclusional allegations." *Gee v. Estes*, 829 F.2d
1005, 1007 (10th Cir. 1987).

  For these same reasons, Plaintiff need not be concerned that the Court will simply
accept the "'prison officials' [] report that their 'investigation' finds they are innocent of
all wrongdoing so the Court can promptly draw the 'right' inference about what to do
next."  *Doc. 65* at 2.  If disputed facts remain after the filing of the report, the Court will
be without authority to render judgment at that stage of the proceedings.  *See* Fed. R.
Civ. P. 56 ("The court shall grant summary judgment *if the movant shows that there is no
genuine dispute as to any material fact* and the movant is entitled to judgment as a matter
of law") (emphasis added); *see also Green v. Branson*, 108 F.3d 1296, 1302 (1997) ("We
have held that a "*Martinez* report is treated like an affidavit, and *the court is not
authorized to accept the factual findings of the prison investigation when the plaintiff has
presented conflicting evidence*") (quoting *Hall v. Bellmon,* 935 F.2d 1106, 1111 (10th Cir.
1991)). Accordingly, Plaintiff has failed to demonstrate that this Court lacks the

5

authority to order a *Martinez* report. Nor has Plaintiff convinced the Court that doing so

is in any way improper.  Plaintiff's objections on these grounds are therefore overruled.

**B.  The Court's "editing of sworn testimony" has no effect on the substance of the Order or the Court's authority to order that a *Martinez* report be filed.**

The second section of Plaintiff's argument does not appear to be an objection to the

Court's ordering a *Martinez* report, but instead to its recitation of the facts.  *Doc. 65* at 4-

5 ("Two specifically cited 'facts' will be corrected here").  Plaintiff first notes that the

Order states that Defendant Bradley "ordered Defendant Fralick to burn certain of

Plaintiff's requested documents."  *Id*. at 4 (quoting *Doc. 63* at 2).  Plaintiff states that his

"<u>actual</u> sworn testimony is in <u>Doc.</u> 20, ¶ 324, lines 3-4."  *Doc. 65* at 4 (emphasis in

original).  The Court has reviewed the testimony at issue and does not find its

paraphrasing of Plaintiff's testimony to be an inaccurate characterization.

The Court's order also stated, "Plaintiff also alleges that Defendant Bravo was

ordered to destroy evidence, but provides no information about what that evidence

might be or when or by whom Defendant Bravo was ordered to destroy evidence.  The

Court therefore does not expect Defendants to address this claim."  *Id.* at 5 n.1 (quoting

*Doc. 63* at 2).  As Plaintiff correctly asserts, what Plaintiff actually stated was that

Defendant Bravo was instructed <u>not</u> to destroy evidence.  *Id.*  Inserting "not" into the

Court's recitation, however, does not cure Plaintiff's deficiency of failing to provide

"information about what that evidence might be or when or by whom Defendant Bravo

was ordered [not] to destroy evidence."  Accordingly, the Court still does not expect

Defendants to address that claim, and Plaintiff's objections on these grounds are overruled.

**C. The Court acted within the purview of its authority in permitting Defendants' to redact or seal portions of the *Martinez* report.**

Finally, Plaintiff objects to the Court's permitting Defendants' to either provide redacted documents to Plaintiff or to request that Plaintiff not be permitted to review certain portions of the *Martinez* report. *Doc. 65* at 5-9. Regarding redactions, because Defendants have not filed requests[1] to make redactions, Plaintiff's objection is not ripe.

Regarding sealing the *Martinez* report, "[t]he court may order that a filing be made under seal without redaction." Fed. R. Civ. P. 5.2. Because of the confidentiality and security concerns associated with making a *Martinez* report public, this Court permitted Defendants' to file under seal. If, after review, the report does appear to contain sensitive information, "[t]he court may [] unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2. Furthermore, when a *Martinez* report is used for summary judgment purposes, a *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set forth in the report. *Hall*, 935 F.2d at 1109. Accordingly, Plaintiff's objection to the Court's permitting Defendants' to file under seal is overruled at this time.

---

[1] The Court's Order to File a *Martinez* Report required Defendants' to submit objections 14 days before the 90-day submission deadline. The Order was issued on May 20, 2014, making the 90-day deadline within which to file the report August 18, 2014, and the deadline for Defendants' to file objections August 4, 2014.

**II.      Conclusion**

Plaintiff has failed to demonstrate that this Court lacks the authority to order a

*Martinez* report or to permit it to be filed under seal.   Nor has Plaintiff convinced the

Court that a *Martinez* report or filing it under seal is unnecessary.   Plaintiff's objections

are therefore overruled.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE