IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**THOMAS NEWSOME,**

      **Plaintiff,**

**v.**                                          **No. 12-CV-733 MCA/GBW**

**THE GEO GROUP, INC., et al.,**

      **Defendants.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

THIS MATTER is before the Court on *Plaintiff's Motion to Vacate Doc. 68 for Lack of Jurisdiction.* [Doc. 70] The Court, having considered the submissions, the relevant law, and being otherwise fully advised in the premises, hereby **DENIES** *Plaintiff's Motion to Vacate Doc. 68 for Lack of Jurisdiction.* [Doc. 70]

**BACKGROUND**

On April 15, 2013, Plaintiff *pro se* and proceeding *in forma pauperis*, filed a Complaint with this Court pursuant to 42 U.S.C. § 1983. [Doc. 1; Doc. 2; Doc. 4] This Court issued an Order dismissing all of Plaintiff's claims against two Defendants pursuant to the frivolousness inquiry under 28 U.S.C. § 1915(e)(2). [Doc. 6, pp. 2-3] Subsequently, Plaintiff filed an Amended Complaint, [Doc. 20] which Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). [Doc. 23; Doc. 40] The Court accordingly dismissed some, but not all, of Plaintiff's claims. [Doc. 52]

1

Plaintiff's First Amendment retaliation claims against individual Defendants Chavez, Rogers, Bradley, Fralick and Bravo remain pending.  [Doc. 52]

On May 20, 2014, the Magistrate Judge ordered a *Martinez* Report and required "Defendants to investigate the incident or incidents underlying Plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or legal basis for determining whether Plaintiff has a meritorious claim."  [Doc. 63, pp. 2-3]  The *Order to File a Martinez Report* requires Defendants to submit a comprehensive *Martinez* Report addressing "all of Plaintiff's allegations as well as any defenses Defendants wish to pursue," including records pertaining specifically to six enumerated claims by Plaintiff. [Doc. 63, p. 3]  Finally, the order states that "THE PARTIES ARE HEREBY GIVEN NOTICE that the *Martinez* Report may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or *sua sponte*; as such, the parties should submit whatever materials they consider relevant to Plaintiff's claims."  [Doc. 63, p. 5]

Plaintiff filed Objections [Doc. 65] to the Magistrate Judge's *Order to file a Martinez Report.*  [Doc. 63]   The Magistrate Judge overruled Plaintiff's Objections. [Doc. 68]  Plaintiff subsequently filed *Plaintiff's Motion to Vacate Doc. 68 for Lack of Jurisdiction.*  [Doc. 70]

**ANALYSIS**

Plaintiff submits that it is the Article III District Judge, and not the Magistrate Judge, who must rule on his objections to the Magistrate Judge's orders.  [Doc. 70, pp. 1, 4]  The matter is not as clear as Plaintiff submits.  This case was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).  [Doc. 3]  In cases referred to a Magistrate Judge pursuant to Section 636(b)(1)(B), Courts have concluded that interim orders are not subject to interlocutory review.  *Hale v. Geo Group, Inc.*, 1:11-cv-128 RB/SMV, p. 1 (D.N.M. July 26, 2011) ("When a case has been referred under § 636(b)(1)(B), the Court may decline to consider appeals of interim nondispositive rulings such as the ruling at issue here." (internal citation omitted)); *Magee v. Rowland*, 764 F.Supp. 1375, 1376 (C.D. Cal. 1991) ("[I]n a proceeding referred to a magistrate judge under § 636(b)(1)(B) for a report and recommendation, an immediate, interlocutory appeal does not lie to the district judge from an interim discovery ruling made in that proceeding, as if the discovery motion had been separately referred under § 636(b)(1)(A). Such interlocutory reviews would frustrate the purpose of reference of the entire matter to a magistrate judge for report and recommendation."); *Barnes v. Taylor*, 2011 WL 1885403, *1-2 (E.D. Ken. 2011) (discussing out the differences in referrals under Sections 636(b)(1)(A) and (b)(1)(B); pointing out that nothing in Section 636(b)(1)(B) or Rule 72(b) provides for interlocutory appeal of interim orders; and concluding that

allowing interlocutory appeals would frustrate the purpose of referrals under Section 636(b)(1)(B)).

Nonetheless, the governing statute and rules could arguably be read as establishing that, even where there is a referral to the Magistrate Judge to prepare a report and recommendation on dispositive matters under Section 636(b)(1)(B) (as in this case), there is a separate referral under Section 636(b)(1)(A) for non-dispositive matters. *See* 28 U.S.C. § 636(b)(1)(A)-(B), (b)(1)(B); Fed. R. Civ. P. 72(a)-(b); *c.f. Wishneski v. Dona Ana County*, 498 Fed.Appx. 854, 862-63 (10th Cir. 2012) (unpublished decision) (concluding, in *pro se* prisoner civil rights action, that the Court referred pre-trial matters to the Magistrate Judge under Section 636(b)(1)(A) and that the litigant failed to object within the 14 day period prescribed by Fed. R. Civ. P. 72(a)).  Further, our local rule states:  "For every civil case, excluding Social Security appeals, a Magistrate Judge will be assigned as a pre-trial Magistrate Judge . . . to preside over all non-dispositive pre-trial matters in accordance with Fed. R. Civ. P. 72(a)."  D.N.M.LR-Civ. 73.1(a).

The Court is not persuaded by such an analysis, however.  *Wishneski* is distinguishable on multiple grounds.  In *Wishneski* the prisoner never filed objections to the Magistrate Judge's order denying the appointment of counsel, before *or after* the Magistrate Judge entered the Report and Recommendations.  *Wishneski*, 498 Fed.Appx. at 862-63.  Furthermore, in *Wishneski*, the pre-trial ruling at issue was the refusal to appoint counsel.  *Id.*  Here, the pre-trial matter is an Order for a *Martinez* Report, which

4

is unique to prisoner cases, and thus the issue only arises under cases referred under Section 636(b)(1)(B). *See* 28 U.S.C. § 636(b)(1)(B) (stating that a judge may designate a magistrate judge "to conduct hearings . . . and to submit to a judge of the court proposed findings of fact and recommendations . . . of any motion excepted in subparagraph (A), . . . of prisoner petitions challenging conditions of confinement").

Moreover, in *Wishneski*, the question of whether 28 U.S.C. § 636(b)(1)(A) or (b)(1)(B) applied to the underlying order by the Magistrate Judge was not squarely before the Court, as it is here. *Wishneski*, 498 Fed.Appx. at 862-63. If the Tenth Circuit were squarely asked to decide whether interlocutory appeals of discovery rulings were allowed in a prisoner civil rights case expressly referred under Section 636(b)(1)(B), this Court believes the Tenth Circuit would answer the question in the negative for the reasons set out in *Hale, Magee* and *Barnes*. As a matter of policy, allowing an interlocutory appeal of every interim discovery ruling would frustrate the purpose of referrals of prisoner civil rights claims. *Magee*, 764 F.Supp. at 1376. Accordingly, the Court DENIES *Plaintiff's Motion to Vacate Doc. 68 for Lack of Jurisdiction* [Doc. 70], and further holds that Plaintiff may bring objections to the Magistrate Judge's Order for a *Martinez* Report in his objections to the Magistrate Judge's Report and Recommendations, when issued.

**CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that *Plaintiff's Motion to Vacate Doc. 68 for Lack of Jurisdiction* [Doc. 70] is **DENIED**.

5

**SO ORDERED THIS** 17th day of February, 2015 in Albuquerque, New Mexico.

_____

M. CHRISTINA ARMIJO
Chief Judge, United States District Court